UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THOMAS A. SIMON,

        Plaintiff,          Case No. 1:12-cv-1202

v.          Honorable Robert J. Jonker

UNKNOWN WARR et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against all Defendants except Defendants Groom and Robertson. The Court will allow service of the complaint on Defendants Groom and Robertson.

**Discussion**

I.  Factual allegations

Plaintiff Thomas A. Simon presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC). He sues the following officers at IBC: (unknown) Groom, (unknown) Robertson, and (unknown) Warr. He also sues the Federal Bureau of Investigation (FBI), the Michigan State Police (MSP), the United States Attorney General (AG), and the Michigan Attorney General, Bill Schuette.

Plaintiff alleges that on August 16, 2012, Officer Warr "threatened" Plaintiff and his family, saying, "Accidents do happen! One of your people can get shot in a hunting accident," and "You can always get stabbed." (Compl., docket #1, Page ID#4.)

In addition, on August 26, 2012, Plaintiff was scheduled for a medical appointment in order to be weighed and to have his blood pressure and temperature taken. Officers Groom and Robertson were assigned to escort him from his cell to his appointment. When Groom and Robertson arrived at his cell, Plaintiff was having trouble walking and maintaining his balance, and he informed them of this. Plaintiff was placed in handcuffs, and Officer Groom held onto them to pull Plaintiff backwards out of the cell; however, the only way that Plaintiff could maintain his balance without falling was to stand sideways in the doorway of his cell. Officer Robertson allegedly "rushed" at Plaintiff "without warning" and "slammed" him into the door while yelling "back out of your cell." (*Id.* at Page ID#3.) Robertson's actions caused "severe bruising and excruciating pain." (*Id.*)

Plaintiff sent complaints to the FBI, MSP, AG, and Defendant Schuette about the foregoing incidents, but they failed to investigate, to prosecute criminal charges, or to respond.

According to Plaintiff, Defendants violated his right under the Eighth Amendment to avoid cruel and unusual punishment. Plaintiff also asserts that he has a right to request that the AG press criminal charges and a First Amendment right to petition the government for redress of grievances. He contends that the FBI and MSP engaged in gross negligence and violated Plaintiff's First Amendment right to "redress" of grievances. (*Id.* at Page ID#5.) Finally, Plaintiff contends that, because he is mentally handicapped and diagnosed with bi-polar disorder and schizophrenia, the conduct by the officers at IBC constitutes "vulnerable adult abuse" within the meaning of MICH. COMP. LAWS §§ 750.145, 750.149.

Plaintiff seeks injunctive relief, including an order requiring the Michigan Attorney General and/or the AG to prosecute the complaints filed with them, and damages from each Defendant.

II.     Immunity

Plaintiff may not maintain a § 1983 action against the MSP. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The MSP is a political subdivision of the state, protected by sovereign immunity. *See Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999). In addition, the State of

Michigan (acting through its departments) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court will dismiss the MSP.

Similarly, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . ." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also United States v. Dalm*, 494 U.S. 596, 608 (1990); *Whittle v. United States*, 7 F.3d 1259, 1261 (6th Cir. 1993). The principle extends to agencies of the United States, which are immune absent a showing of a waiver of sovereign immunity. *See United States v. Testan*, 424 U.S. 392 (1976). Plaintiff bears the burden of establishing jurisdiction of the court over his claim. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980). The federal question jurisdiction statute is not a general waiver of sovereign immunity; it merely establishes a subject matter that is within the competence of federal courts to entertain. *See Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 4 (1st Cir. 1989) (discussing 28 U.S.C. § 1361 in a similar context). Sovereign immunity also protects officers and employees from suit in their official capacities. *See Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007). Plaintiff fails even to allege that the United States has waived immunity for the decisions of the AG and the FBI in choosing what matters to investigate.[1] Therefore, the FBI and AG are also entitled to sovereign immunity and will be dismissed.

III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

---

[1] Although § 1983 does not provide relief against federal officials, the Court construes Plaintiff's complaint as raising claims against these federal Defendants under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Supervisory Liability

Plaintiff fails to make specific factual allegations against Defendant Schuette, other than his claim that Schuette failed to act in response to Plaintiff's letters of complaint. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Schuette engaged in any active unconstitutional behavior. Contrary to Plaintiff's assertions in the complaint, the First Amendment right to *petition* the government for a redress of grievances does not include a right to *receive redress* from a particular government official or to *receive a response* to a letter of complaint. Accordingly, Plaintiff fails to state a claim against Schuette.

Moreover, to the extent Plaintiff claims that any federal or state Defendant failed to criminally prosecute officers of the MDOC, he fails to state a claim for an additional reason. A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986). Simply put, Plaintiff cannot compel a

criminal prosecution of MDOC officers because private citizens, whether or not they are incarcerated, cannot compel a criminal prosecution of another. *See Diamond*, 476 U.S. at 64-65; *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Martin v. Koljonen*, No. 03-2169, 2004 WL 445720, at *1 (6th Cir. Mar. 9, 2004).

### B. Eighth Amendment

Plaintiff apparently contends that Defendant Warr violated Plaintiff's Eighth Amendment rights by making certain statements such as: "accidents do happen," "your people can get shot in a hunting accident," or "you can always get stabbed." (Compl., docket #1, Page ID#4.) Plaintiff asserts that the foregoing statements were threats, though he offers no additional details to support that assertion. Generally, the use of harassing or degrading language by a prison officer does not give rise to an Eighth Amendment claim. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."). Therefore, Defendant Warr's statements do not support an Eighth Amendment claim against him.

### C. State Law

To the extent Plaintiff asserts that Defendants Schuette and Warr violated state law, § 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim against them, the Court declines to exercise such jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Therefore, Plaintiff's state-law claims against Defendants Schuette and Warr will be dismissed without prejudice. As a result, Defendants Schuette and Warr will also be dismissed from the action.

### IV. Remaining Defendants

The Court concludes that Plaintiff's allegations against Defendants Groom and Robertson are sufficient to warrant service of the complaint.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that all Defendants except Defendants Groom and Robertson will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), on grounds of immunity or for failure to state a claim, except that Plaintiff's state-law claims against Defendants Schuette and Warr will be dismissed without prejudice. The Court will allow service of the complaint against Defendants Groom and Robertson.

An Order consistent with this Opinion will be entered.

Dated:     March 5, 2013            /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE